# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELLY ANN RIORDAN | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 309-cv-01876-TIV |
| | : | |
| MARYWOOD UNIVERSITY; | : | |
| DR. LEONARD HERMAN; DIANE | : | |
| TAYLOR; ANN-BOLAND-CHASE; | : | Judge Thomas I. Vanaskie |
| PATRICIA DUNLEAVY; and | : | |
| JOHN DOES | : | |
| | : | |
| Defendants | : | |

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

On the Brief:

Roger E. Grimaldi, Esquire

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 1

FACTUAL BACKGROUND ................................................................................... 2

    **A.  Plaintiff's Allegations** ............................................................................. 2

    B.  Procedural History ................................................................................... 4

LEGAL ARGUMENT ........................................................................................... 5

    POINT I ............................................................................................................ 5

    MOTION TO DISMISS STANDARD ............................................................... 5

    **POINT II** ......................................................................................................... 7

    **MONEY DAMAGES ARE NOT AVAILABLE** .............................................. 7

    **UNDER TITLE III OF THE ADA** .................................................................. 7

    **POINT III** ........................................................................................................ 8

    **PLAINTIFF HAS NO STANDING TO SUE** ................................................. 8

    **FOR INJUNCTIVE RELIEF** ......................................................................... 8

    **POINT IV** ....................................................................................................... 11

    **THERE IS NO INDIVIDUAL LIABILITY UNDER TITLE III OF THE ADA** ..... 11

**CONCLUSION** ................................................................................................... 13

# TABLE OF AUTHORITIES

A.R. v. Kogan, 964 F.Supp. 269, 271 (N.D. Ill. 1997) .............................................. 8

Adelman v. Acme Markets, Corp., 1996 U.S.Dist. LEXIS 4152 (E.D.Pa 1996) ..... 7

Aikins v. St. Helena Hosp., 843 F.Supp. 1329, 1334 (N.D. Cal. 1994) ................ 10

Beck v.Arcadia Capital Group, Inc., 2009 U.S.Dist. LEXIS 91608 (E.D.Pa 2009). 7

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007)...................................... 6

Boggi v Medical Review and Accrediting Council, 2009 U.S. Dist. LEXIS
    84032, *34 (E.D.Pa 2009)..................................................................................... 11

City of Los Angeles v. Lyons, 461 U.S. 95, 103-04, S. Ct. 1660, 75 L. Ed. 2d
    675 (1983) ............................................................................................................. 9

Clark v. Burger King Corp., 255 F.Supp. 2d 334, 343 (D.N.J. 2003) ................... 10

Coddington v. Adelphi Univ., 45 F.Supp.2d 211, 217 (E.D.N.Y. 1999)................ 12

Cottrell v. Zagami, LLC, 2009 U.S.Dist. LEXIS 42139, *6 (D.N.J. 2009) ............. 9

Cottrell v. Zagami, LLC, 2009 U.S. Dist. LEXIS at *8-9 ................................. 9, 10

Doe v. National Board of Medical Examiners, 210 Fed. Appx. 157, 159-160
    (3d Cir. 2006)........................................................................................................ 9

Emerson v. Thiel College et. al., 296 F.3d 184 (3d Cir. 2002)............................... 11

Fowler v. UPMC Shadyside, 538 F.3d 203 (Cir.2009)............................................. 6

Goodwin v. C.N.J., Inc., 436 F.3d 44, 50 (1st Cir. 2006) ......................................... 7

Hoepfl v. Barlow, 906 F.Supp. 317, 323 (E.D.Va. 1995)......................................... 9

Lujan v. Defenders of Wildfire, 504 U.S. 555, 560, 119 L. Ed. 2d 351, 112 S.Ct.
    2130 (1992) ........................................................................................................... 8

Lyons v. City of Los Angeles, 461 U.S. 95, 101, 75 L. Ed. 2d 675, 103 S. Ct.
    1660 (1983) ........................................................................................................... 8

Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).................... 5

Steere v. George Wash. Univ., 368 F. Supp. 2d 52, 58 (D.D.C. 2005) .................. 12

W.G. Nichols, Inc. 2002 LEXIS 10707 at *38 .................................................. 9, 10

**PRELIMINARY STATEMENT**

This is a discrimination matter brought under the American's with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq. Plaintiff Kelly Ann Riordan alleges she was discriminated against while a student at Defendant Marywood University ("Marywood") because she suffers from a genetic condition called Turner's Syndrome. Although Plaintiff does not cite any particular provision of the ADA, her complaint presumably arises under Title III of the ADA, which applies to certain public accommodations.[1]  Her Complaint seeks compensatory and punitive damages, fees and costs, and certain unspecified injunctive relief against Marywood and several of its faculty members, Defendants Dr. Leonard Herman, Diane Taylor, Ann Boland-Chase and Patricia Dunleavy (collectively, "Individual Defendants").

As more fully discussed below, Plaintiff's Complaint is deficient in several fundamental respects.  First, Title III of the ADA only provides for injunctive

---

[1] Title I of the ADA applies only in the employment context, and Title II applies only to public entitles.  See 42 U.S.C. ¶¶12111(2), 12112, 12131(1), 12132 (2009).  Since Marywood is a private entity (which Plaintiff admits in the Complaint at ¶2) and because Plaintiff does not allege she was employed by the school, Defendants assume Plaintiff is proceeding under Title III, the only remaining section of the ADA.  Defendants do not, however, concede that Title III applies in this case.  Discovery may reveal that Marywood, which is affiliated with the Catholic Church, is not covered by Title III pursuant to its so-called "religious exemption." See U.S.C. § 12187 (2009).  Defendants intend to assert this religious exemption as an affirmative defense should this motion be denied. See Doe v. Abington Friends School et. al., 480 F.3d 252 (3d Cir. 2007), *remanded to* 2007 U.S. Dist. LEXIS 36450 (E.D. Pa. 2007); Spann v. Word of Faith Christian Center Church et. al., 589 F.Supp.2d 759, 763-764 (S.D.Miss 2008).

relief. Thus, to the extent Plaintiff is seeking compensatory and/or punitive damages, her claim is barred by the statute. Second, Plaintiff has no standing to pursue injunctive relief. The fact of the matter is that Plaintiff is no longer a student at the school and, in any event, Marywood has already provided her with equitable relief. There is therefore zero risk of any future discrimination and no basis (or reason) for an injunction. Finally, even a cursory review of federal case law reveals that there is no individual liability under Title III of the ADA making Plaintiff's claims against the Individual Defendants improper, if not frivolous.

For these reasons, Plaintiff has not stated a viable cause of action as a matter of law and dismissal is appropriate under federal Rule of Civil Procedure 12(b)(6).

## FACTUAL BACKGROUND

### A. Plaintiff's Allegations[2]

Plaintiff suffers from Turner's Syndrome, a condition which results in certain learning disabilities and anxiety disorders. Complaint at ¶ 13 (A Copy of the Complaint is attached hereto as Exhibit A). In May 2007, Plaintiff enrolled as a student at Marywood, and in the process requested various accommodations necessary because of her illness. Id. at ¶ ¶ 17-18. These accommodations included, among other things, extended test taking time and tutoring. Id. at ¶17.

---

[2] The facts stated herein are taken directly from Plaintiff's Complaint and shall be assumed true for purposes of this application only. Defendants reserve the right to challenge each and every allegation contained in the Complaint.

Despite requesting these accommodations, Plaintiff alleges she was not provided appropriate tutoring and that her chemistry professor, Defendant Herman, did not provide her additional time for certain quizzes. Id. at ¶¶ 22-34. After receiving relatively poor grades on three chemistry quizzes in late September/early October 2007, Plaintiff and her father, Mr. Riordan, complained to Defendant Diane Taylor, the school's Assistant Director of Housing and Residence Life about Defendant Herman's apparent non-compliance with Plaintiff's requested accommodations. Id. at ¶¶ 36-45. After Defendant Taylor failed to resolve the issue, Mr. Riordan contacted Marywood's Assistant Vice President for Human Resources, Defendant Dunleavy, who in turn directed him to Marywood's Vice President for Enrollment Management, Defendant Boland-Chase. Id. at ¶ ¶ 46-49. Defendant Boland-Chase advised Mr. Riordan that Plaintiff would receive the time and tutoring accommodations she had requested. Id. at ¶ 51. She also agreed to expunge the three poor chemistry grades Plaintiff received from Defendant Herman. Id.

Around the same time, Plaintiff reported to her school therapist that one of her roommates had threatened to commit suicide and, apparently at the same time, threatened the Plaintiff herself with physical violence. Id. at ¶ 53. The therapist (who is not named as a Defendant) reported the issue to the Assistant Director of Housing and Resident Life, Defendant Rothenberger. Id. at ¶ 57. After conducting an investigation, Defendant Rothenberger issued a "no-contact order," which was

designed to limit Plaintiff's interactions with her roommate and at least one other student. <u>Id</u>. at ¶ ¶ 57-59. Plaintiff was also transferred to another dorm room, although the Complaint does not identify who made this decision. <u>Id</u>. at ¶ 56.

Based on these events (i.e., the lack of tutoring, the poor chemistry grades and the roommate situation), Plaintiff claims to have suffered anxiety, performed poorly on tests, and was unable to complete her first semester. <u>Id</u>. at ¶¶ 60-65. In December 2007, Plaintiff filed an internal civil rights complaint with Marywood. <u>Id</u>. at ¶ 67. With Marywood's investigation pending, she left the university and eventually enrolled in another college, William Patterson University. <u>Id</u>. at ¶ 72.

## B. **Procedural History**

On May 2, 2008, Mr. Riodan filed a charge of discrimination on behalf of Plaintiff with the Office of Civil Rights ("OCR"), U.S. Department of Education. Among other things, the charge alleged that Marywood discriminated against his daughter by failing to implement certain accommodations, failing to notify her she could take medical leave, failing to notify Marywood security after Plaintiff's roommate threatened her, and ordering her friends to have no contact with her. (A copy of the OCR Charge is attached as Exhibit B).

In response to the charge, Marywood cooperated fully with the investigation, reviewed its own internal procedures and, without admitting fault, entered into a Resolution Agreement with the OCR in March 2009. Pursuant to the Agreement, Marywood agreed to do the following:

4

1.  Update the "Disability Services" section of its website;

2.  Provide a memorandum to the entire faculty (including Defendant Herman) which, among other things, reminded them of their obligation to provide necessary accommodations to students with disabilities;

3.  Provide Plaintiff with two checks, each for $3,295.00, reimbursing her for tuition and book costs;

4.  Remove any mention of Defendant Herman's chemistry class from Plaintiff's transcript;

5.  Revise its civil rights and disability grievance procedures; and

6.  Advise Plaintiff of the anticipated completion of its investigation and provide her an opportunity to make a statement in person.

In June 2009, the OCR notified Marywood that it was in compliance with all aspects of the Resolution Agreement and that the matter was now closed. (A copy of the OCR's notice is attached as Exhibit C).

In September 2009, Plaintiff filed the instant Complaint alleging that Marywood and the Individual Defendants violated the ADA. Defendants now move to dismiss her Complaint as a matter of law.


## LEGAL ARGUMENT

### POINT I

### MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) should be granted "if it appears to a certainty that no relief could be granted under any set of facts which could be proved." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

The Court of Appeals in <u>Morse</u> confirmed that a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Id</u>. (internal quotations omitted).

As the Supreme Court ruled in the recent landmark <u>Twombly</u> decision, Federal Rule of Civil Procedure 8(a), which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," still requires a "'showing,' rather than a blanket assertion, of entitlement to relief." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 556 n.3 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ..., a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" <u>Id</u>. at 555.

This standard was further refined in the recent case of <u>Fowler v. UPMC Shadyside</u>, where the Third Circuit observed that "it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss" and that in order to prevent dismissal "all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." <u>Fowler v. UPMC Shadyside</u>, 538 F.3d 203 (Cir.2009) (Copies of all unreported decisions are attached hereto as Exhibit D). This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id</u>.

In this case, accepting every allegation in the Complaint as true, Plaintiff has failed to state a legally cognizable claim under Title III ADA against any of the Defendants, and dismissal is appropriate pursuant to Rule 12(b)(6).[3]

## POINT II

## MONEY DAMAGES ARE NOT AVAILABLE
## UNDER TITLE III OF THE ADA

It is well settled that private plaintiffs suing under Title III of the ADA are not entitled to money damages. 42 U.S.C. § 12188(a)(1)-(2) (2009); Adelman v. Acme Markets, Corp., 1996 U.S. Dist. LEXIS 4152 (E.D. Pa 1996) ("Title III, however, does not authorize a claim by a private individual for money damages."). Instead, a successful plaintiff under Title III is entitled only to injunctive relief and, where appropriate, his or her attorneys' fees. Id.

The Adelman case is nearly identical to this matter. There, the court granted a supermarket's motion to dismiss a patron's claim for $200,000 in compensatory and punitive damages under Title III. The Court noted that while the supermarket was a place of "public accommodation," Title III only authorizes claims for injunctive relief and attorneys' fees, not money damages. Id. at 5-6; see also Goodwin v. C.N.J., Inc., 436 F.3d 44, 50 (1st Cir. 2006) ("money damages are not an option for private parties suing under Title III of the ADA."); A.R. v. Kogan,

---

[3] Defendants note that Plaintiff has asserted her demand for punitive damages as a separate count. Pennsylvania does not recognize a separate cause of action for punitive damages. Beck v.Arcadia Capital Group, Inc., 2009 U.S.Dist. LEXIS 91608 (E.D.Pa 2009). Thus, the dismissal of Plaintiff's ADA claim would necessitate the dismissal of her punitive damages count.

964 F.Supp. 269, 271 (N.D. Ill. 1997) (Title III remedies are "specifically limited to providing injunctive relief and not damages").

In this case, Plaintiff is seeking "compensatory damages in an amount in excess of $75,000" and punitive damages.  Complaint at p. 8.  As set forth by the statute itself, as well as long settled case law, these damages are not available to Plaintiff under Title III of the ADA.  Thus, to the extent Plaintiff is seeking money damages, her Complaint should be dismissed as a matter of law.

## POINT III

## PLAINTIFF HAS NO STANDING TO SUE
## FOR INJUNCTIVE RELIEF

Nor is Plaintiff entitled to injunctive relief. "It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Art. III of the Constitution by alleging an actual case or controversy." Lyons v. City of Los Angeles, 461 U.S. 95, 101, 75 L. Ed. 2d 675, 103 S. Ct. 1660 (1983).  In order to make out a "case or controversy," a plaintiff must demonstrate: (1) that she has suffered an injury in fact, (2) that her injury was caused by the defendant's conduct, and (3) that her injury is capable of being redressed by a favorable ruling from the federal court. Lujan v. Defenders of Wildfire, 504 U.S. 555, 560, 119 L. Ed. 2d 351, 112 S.Ct. 2130 (1992).

Courts from the Third Circuit have held that these principles are applicable in the context of Title III of the ADA.  See, e.g., Doe v. National Board of Medical

Examiners, 210 Fed. Appx. 157, 159-160 (3d Cir. 2006); Cottrell v.Zagami, LLC, 2009 U.S. Dist. LEXIS 42139, *4-11 (D.N.J. 2009); W.G. Nichols, Inc. v. Ferguson, 2002 U.S.Dist. LEXIS 10707, * 37 (E.D. Pa 2002). In doing so, the courts have held that a Plaintiff does not establish standing by simply alleging he or she was subjected to unlawful discrimination. Rather the Plaintiff must show a "substantial likelihood" that he or she will be exposed to the same discrimination *in the future* absent injunctive relief. Cottrell v. Zagami, LLC, 2009 U.S.Dist. LEXIS 42139, *6 (D.N.J. 2009) ("Furthermore, because the sole relief available for Defendants' alleged ADA violations is prospective injunctive relief, Plaintiff's must demonstrate a 'real and immediate threat' of injury…") (*quoting*, City of Los Angeles v. Lyons, 461 U.S. 95, 103-04, S. Ct. 1660, 75 L. Ed. 2d 675 (1983); see also Hoepfl v. Barlow, 906 F.Supp. 317, 323 (E.D.Va. 1995) ("plaintiff who cannot demonstrate a likelihood that she will ever again suffer discrimination at the hands of a defendant, even one who has discriminated against her in the past, does not have standing to obtain an injunction under the ADA.").

Again, the Adelman case is instructive. In addition to holding that the plaintiff was not entitled to monetary damages under Title III, the court also noted that the Complaint failed to state a claim for injunctive relief because there was no allegation that the plaintiff intended to revisit the store:

> …an allegation of past disability discrimination will not support a claim under the ADA

for injunctive relief. Rather, it must appear that the plaintiff will seek goods or services from a defendant and will likely suffer discrimination in the future…Plaintiff has not alleged that he has any desire or intent to patronize defendant's establishment in the future and, from his filing in this and other similar cases he has initiated, appears interested only in obtaining monetary compensation.

Id. at 6; see also W.G. Nichols, Inc. 2002 LEXIS 10707 at *38 (Plaintiffs did not demonstrate standing where it did "not appear likely that either of the individual plaintiffs in this case will be present within the facility in the foreseeable future."); Cottrell, 2009 U.S. Dist. LEXIS at *8-9 (dismissal appropriate for lack of standing where "Plaintiffs do not allege an intent to return to Defendant's premise."); Clark v. Burger King Corp., 255 F.Supp. 2d 334, 343 (D.N.J. 2003) (holding that Plaintiff was not entitled to injunctive relief as to those restaurants he had not demonstrated an intent to revisit); Aikins v. St. Helena Hosp., 843 F.Supp. 1329, 1334 (N.D. Cal. 1994) (Plaintiff did not have standing under the ADA where she did not allege she was "likely to use the hospital in the near future, nor that defendants are likely to discriminate against her when she does use the hospital.").

Plaintiff's own allegations reveal that she lacks any standing to bring a claim for injunctive relief under Title III of the ADA. By Plaintiff's own admission, she is no longer enrolled in Marywood, and there is no allegation that she has any intention of returning. Complaint at ¶. 72. Moreover, even if she were still a student at Marywood, there is no risk of any continued discrimination. As discussed above, pursuant to the Resolution Agreement entered into with the OCR,

the university has already provided Plaintiff with equitable relief.  Marywood has erased Plaintiff's grade in chemistry (the only class at issue), reimbursed her tuition, reminded the faculty of their obligations to accommodate disabled students and updated its civil rights policies.  In short, there is nothing left for Defendants to do.

Because Plaintiff has no standing to bring a claim for injunctive relief, her claim under Title III of the ADA should be dismissed.

## POINT IV

## THERE IS NO INDIVIDUAL LIABILITY UNDER TITLE III OF THE ADA

Federal courts have routinely held that Title III of the ADA does not permit individual liability.  See Emerson v. Thiel College et. al., 296 F.3d 184 (3d Cir. 2002) (holding that college faculty members could not be held individually liable as they did not "own, lease or operate" the college); Boggi v Medical Review and Accrediting Council, 2009 U.S. Dist. LEXIS 84032, *34 (E.D.Pa 2009) (noting that the "overwhelming authority on the issue," supports that "[i]ndividual liability under the ADA does not exist under Titles II or III of the ADA.")(internal citations omitted).

The reason for this is, of course, is that only injunctive relief is available under Title III, and it is the institution (not the employees who work there) that can implement any ordered accommodations. See, e.g., Steere v. George Wash. Univ., 368 F. Supp. 2d 52, 58 (D.D.C. 2005) ("This result is eminently reasonable in

11

cases such as this where, now, plaintiff seeks only injunctive relief. If the institution, not the individuals, has the power to accommodate, only an injunction directed at the institution will provide the relief sought."); <u>Coddington v. Adelphi Univ.</u>, 45 F.Supp.2d 211, 217 (E.D.N.Y. 1999) ("the institution has the power to make accommodations and thus it operates the place of public accommodation and is the proper defendant.").

Here, Plaintiff has named numerous individual faculty members as Defendants. She has made no allegation, however, that any of these individuals have the ability or authority to change any of Marywood's allegedly discriminatory policies. And she has made no allegation that would warrant departing from well settled federal law that individuals are not liable for alleged violations of Title III of the ADA. This is but another example of Plaintiff's fundamental misunderstanding of Title III's purpose and remedies.

Since there is no individual liability under Title III of the ADA, Plaintiff's claims against the Individual Defendants should be dismissed.

## CONCLUSION

For these reasons, Defendants respectfully submit that Plaintiff's Complaint is deficient as a matter of law and that it should be dismissed in its entirety pursuant to Rule 12(b)(6).

Respectfully submitted,

*/s/ Roger E. Grimaldi*
Rick Grimaldi (PA 49516)
JACKSON LEWIS LLP
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA  19102-1317
Tel: (267) 319-7802
Fax: (215) 399-2249
grimaldir@jacksonlewis.com
ATTORNEYS FOR DEFENDANT

Date:  January 11, 2010