# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kelly Ann Riordan | : |
| Plaintiff, | : |
| | : Civil Action No. |
| | : 3:09-cv-01876-TIV |
| v. | : |
| Marywood University; Dr. Leonard Herman; Diane Taylor; Ann Boland-Chase; Patricia Dunleavy; and John Does, 1-10 | : |
| Defendants. | : |

# BRIEF IN SUPPORT
# OF INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

On the Brief:

Roger Grimaldi, Esquire

4835-5093-4789, v. 1

## PRELIMINARY STATEMENT

This is a disability discrimination claim arising out of Plaintiff Kelly Ann Riordan's previous enrollment as a student at Defendant Marywood University ("Defendant Marywood"). In short, Plaintiff claims to suffer from a genetic disorder called Turner's Syndrome, and alleges that she was denied certain accommodations by the university and certain members of its administration and faculty, Defendants Dr. Leonard Herman, Diane Taylor, Ann Boland-Chase and Patricia Dunleavy (collectively, "Individual Defendants"). She has brought claims under Titles II & III of the American's with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq. and Section 504 of Rehabilitation Act of 1973 ("Rehabilitation Act").

As discussed more fully below, none of the statutes cited by Plaintiff provide for individual liability. Consequently, Plaintiff's claims against the Individual Defendants in this case are baseless, if not frivolous, and should be dismissed.[1]

## FACTUAL BACKGROUND[2]

Plaintiff suffers from Turner's Syndrome, a condition which results in certain learning disabilities and anxiety disorders. Amended Complaint at ¶ 13 (A

---

[1] This Motion to Dismiss is being filed only on behalf of the Individual Defendants. Defendant Marywood has filed an Answer to the Amended Complaint under separate cover.
[2] The facts stated herein are taken directly from Plaintiff's Amended Complaint and shall be assumed true for purposes of this application only. Defendants reserve the right to challenge each and every allegation contained in the Amended Complaint.

1

Copy of the Amended Complaint is attached to the Certification of Rick Grimaldi ("Grimaldi Cert.") as Exhibit A). In May 2007, Plaintiff enrolled as a student at Marywood, and in the process requested various accommodations necessary because of her illness. Id. at ¶¶ 17-18. These accommodations included, among other things, extended test taking time and tutoring. Id. at ¶17.

Despite requesting these accommodations, Plaintiff alleges she was not provided appropriate tutoring and that her chemistry professor, Defendant Herman, did not provide her additional time for certain quizzes. Id. at ¶¶ 22-34. After receiving relatively poor grades on three chemistry quizzes in late September/early October 2007, Plaintiff and her father, Mr. Riordan, complained to Defendant Diane Taylor, the school's Assistant Director of Housing and Residence Life about Defendant Herman's apparent non-compliance with Plaintiff's requested accommodations. Id. at ¶¶ 36-45. After Defendant Taylor failed to resolve the issue, Mr. Riordan contacted Marywood's Assistant Vice President for Human Resources, Defendant Dunleavy, who in turn directed him to Marywood's Vice President for Enrollment Management, Defendant Boland-Chase. Id. at ¶¶ 46-49. Defendant Boland-Chase advised Mr. Riordan that Plaintiff would receive the time and tutoring accommodations she had requested. Id. at ¶ 51. She also agreed to expunge the three poor chemistry grades Plaintiff received from Defendant Herman. Id.

Around the same time, Plaintiff reported to her school therapist that one of her roommates had threatened to commit suicide and, apparently at the same time, threatened the Plaintiff herself with physical violence. Id. at ¶ 53. The therapist (who is not named as a Defendant) reported the issue to the Assistant Director of Housing and Resident Life, Sara Rothenberger. Id. at ¶ 57. After conducting an investigation, Ms. Rothenberger issued a "no-contact order," which was designed to limit Plaintiff's interactions with her roommate and at least one other student. Id. at ¶¶ 57-59. Plaintiff was also transferred to another dorm room, although the Amended Complaint does not identify who made this decision. Id. at ¶ 56.

Based on these events (i.e., the lack of tutoring, the poor chemistry grades and the roommate situation), Plaintiff claims to have suffered anxiety, performed poorly on tests, and was unable to complete her first semester. Id. at ¶¶ 60-65. In December 2007, Plaintiff filed an internal civil rights complaint with Marywood. Id. at ¶ 67. With Marywood's investigation pending, Plaintiff left the university and eventually enrolled in another college, William Patterson University. Id. at ¶ 72.

## PROCEDURAL HISTORY

In September 2009, Plaintiff filed her initial Complaint alleging that Defendant Marywood and the Individual Defendants violated unspecified provisions of the ADA. On January 12, 2010, Defendants filed a motion to dismiss

3

the Complainant in its entirety for failure to state a claim under F.R.C.P. 12(b)(6). Instead of opposing Defendants' motion, Plaintiff filed an Amended Complaint on February 14, 2010, specifically alleging claims under Titles II & III of the ADA and the Rehabilitation Act.

The Individual Defendants now move to dismiss the Amended Complaint for failure to state a claim under F.R.C.P. 12(b)(6).

## QUESTION PRESENTED

1.  Whether Titles II & III of the ADA or the Rehabilitation Act permit individual liability.

## LEGAL ARGUMENT

## POINT I

## MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) should be granted "if it appears to a certainty that no relief could be granted under any set of facts which could be proved." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court of Appeals in Morse confirmed that a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Id. (internal quotations omitted).

As the Supreme Court ruled in the recent landmark Twombly decision, Federal Rule of Civil Procedure 8(a), which requires only a "short and plain

statement of the claim showing that the pleader is entitled to relief," still requires a "'showing,' rather than a blanket assertion, of entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ..., a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Id. at 555.

In this case, accepting every allegation in the Amended Complaint as true, Plaintiff has failed to state a legally cognizable claim against the Individual Defendants under the ADA or the Rehabilitation Act, and dismissal is appropriate pursuant to Rule 12(b)(6).

## POINT II

## THERE IS NO INDIVIDUAL LIABILITY UNDER THE ADA OR THE REHABILITATION ACT

Federal courts have routinely held that each of the three statutory provisions cited by Plaintiff, Titles II & III of the ADA and the Rehabilitation Act, do not provide for individual liability. See Emerson v. Thiel College et. al., 296 F.3d 184, 189-190 (3d Cir. 2002) (holding that college faculty members could not be held individually liable under either Title III of the ADA or the Rehabilitation Act of 1973 as they did not "own, lease or operate" the college, nor did they receive "federal financial assistance" as individuals); Boggi v Medical Review and

5

Accrediting Council, 2009 U.S. Dist. LEXIS 84032, *34 (E.D.Pa 2009) (noting that the "overwhelming authority on the issue," supports that "[i]ndividual liability under the ADA does not exist under Titles II or III of the ADA.");[3] Taylor v. Altoona Area School District, 513 F.Supp. 2d 540, 557-558 (W.D.Pa 2007) (noting that numerous jurisdictions, including the Third Circuit, have held that individual liability is not permitted under the Rehabilitation Act because, among other things, "[i]t is the [school district], and not the individual defendants, which receives federal financial assistance.").

Here, Plaintiff has named numerous individual administration and faculty members as Defendants. She has made no allegation, however, that any of the Individual Defendants have the ability or authority to change any of Marywood's allegedly discriminatory policies. She has made no allegation that any of the Individual Defendants received (either directly or indirectly) any federal funds or assistance. And she has made no allegation that would warrant departing from well settled federal law that individuals cannot be held liable for alleged violations of Titles II and III of the ADA or the Rehabilitation Act of 1973.

Thus, even if every single allegation in the Amended Complaint is true, the Individual Defendants in this case cannot, as a matter of law, be held liable for any

---

[3] Copies of all unreported decisions are attached to the Grimaldi Cert. as Exhibit B.

of the alleged wrongful conduct. Dismissal is therefore appropriate pursuant to F.R.C.P. 12(b)(6).

## CONCLUSION

For these reasons, the Individual Defendants respectfully submit that Plaintiff's Amended Complaint is deficient as a matter of law and that it should be dismissed with prejudice, pursuant to Rule 12(b)(6).

Respectfully submitted,

/s/ Roger E. Grimaldi
Rick Grimaldi (PA 49516)
JACKSON LEWIS LLP
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102-1317
Tel: (267) 319-7802
Fax: (215) 399-2249
grimaldir@jacksonlewis.com
ATTORNEYS FOR DEFENDANT

Date: March 1, 2010

4837-9898-8549, v. 1