# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

Kelly Ann Riordan          :

        Plaintiff,        :

                     :      Civil Action No.  3:09-cv-01876 (TIV)

      v.                :

                     :

Marywood University,          :

Dr. Leonard Herman, Diane Taylor   :

Ann Boland-Chase, And       :

John Does, 1-10             :

                     :

        Defendants.

## DEFENDANT MARYWOOD UNIVERSITY'S
## AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendant Marywood University ("Defendant Marywood") by and through its counsel Jackson Lewis LLP hereby responds to the Amended Complaint of Kelly Ann Riordan ("Plaintiff") as follows:

1.     Defendant admits only that Plaintiff is a former student of Defendant Marywood. All other allegations contained in Paragraph 1 are denied.

2.     The allegations contained in Paragraph 2 are conclusions of law to which no response is required, and they are therefore denied.

3.     The allegations contained in Paragraph 3 are conclusions of law to which no response is required, and they are therefore denied.

4.     The allegations contained in Paragraph 4 are conclusions of law to which no response is required, and they are therefore denied.

5.     Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5.

6.      Defendant admits only that Defendant Marywood is a private educational institution located in Scranton, Pennsylvania.  All other allegations contained in Paragraph 6 are denied.

7.      Defendant admits only that Defendant Herman is employed by Defendant Marywood as a professor.  All other allegations contained in Paragraph 7 are denied.

8.      Defendant admits only that Defendant Taylor is employed by Defendant Marywood.  All other allegations contained in Paragraph 8 are denied.

9.      Defendant admits only that Defendant Boland-Chase is employed by Defendant Marywood.  All other allegations contained in Paragraph 9 are denied.

10.     Defendant admits only that Defendant Dunleavy is employed by Defendant Marywood.  All other allegations contained in Paragraph 10 are denied.

11.     The allegations contained in Paragraph 11 are conclusions of law to which no response is required, and they are therefore denied.

12.     Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12.

13.     Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13.

14.     Defendant admits only that Plaintiff claimed to suffer from a learning disability at the time of her enrollment at Defendant Marywood.  All other allegations contained in Paragraph 14 are denied.

15.     The allegations contained in Paragraph 15 are conclusions of law to which no response is required, and they are therefore denied.

16.     Defendant admits only that Plaintiff was at one time enrolled as a student at Marywood.  All other allegations contained in Paragraph 16 are denied.

17.     Defendant admits only that Plaintiff advised certain employees of Defendant Marywood prior to her enrollment that she would require certain accommodations.  All other allegations contained in Paragraph 17 are denied.

18.     Defendant admits only that Plaintiff advised certain employees of Defendant Marywood upon her enrollment that she would require certain accommodations.  All other allegations contained in Paragraph 18 are denied.

19.     Defendant admits only that Plaintiff discussed her need for certain accommodations with Defendant Taylor at certain points during Plaintiff's enrollment at Defendant Marywood.  All other allegations contained in Paragraph 19 are denied.

20.     Defendant admits only that Plaintiff made a request for tutoring at a certain point during her enrollment at Defendant Marywood.  All other allegations contained in Paragraph 20 are denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Defendant admits only that Defendant Herman administers quizzes as part of his chemistry course.  All other allegations contained in Paragraph 25 are denied.  Defendant specifically denies that Defendant Herman refused to grant Plaintiff additional time.

26.     Denied.

27.     Defendant admits only that Defendant Herman administers quizzes as part of his chemistry course.  All other allegations contained in Paragraph 27 are denied.  Defendant specifically denies that Defendant Herman refused to give Plaintiff any type of accommodations.

28.     Denied.

3

29.     Defendant admits only that Defendant Herman administers quizzes as part of his chemistry course.  All other allegations contained in Paragraph 29 are denied.  Defendant specifically denies that Defendant Herman refused to give Plaintiff any type of accommodations.

30.     Defendant admits only that Plaintiff periodically complained to Defendant Herman about her grades on Defendant Herman's quizzes.  All other allegations contained in Paragraph 30 are denied.

31.     Defendant admits only that Defendant Herman discussed with Plaintiff different options to alleviate Plaintiff's concerns regarding her quiz scores, one of which was the possibility that Plaintiff be permitted to drop one or more quiz grades from her final grade at the end of the semester.  All other allegations contained in Paragraph 31 are denied.

32.     Defendant admits only that Defendant Herman administered quizzes as part of his chemistry course.  All other allegations contained in Paragraph 32 are denied.  Defendant specifically denies that Defendant Herman refused to give Plaintiff any type of accommodations.

33.     Defendant admits only that Plaintiff periodically complained to Defendant Herman about her grades on Defendant Herman's quizzes.  All other allegations contained in Paragraph 33 are denied.

34.     Denied.

35.     Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35.  To the extent Paragraph 35 alleges that Defendant Herman failed to accommodate Plaintiff, that allegation is denied.

36.     Defendant admits only that Plaintiff and Mr. Riordan made contact with Defendant Taylor regarding Defendant Herman's chemistry class. All other allegations contained in Paragraph 36 are denied.  Defendant specifically denies that Defendant Herman failed to accommodate Plaintiff.

37.     Denied.

38.     Defendant admits only that, pursuant to her request, Plaintiff was given extended testing time in Defendant Herman's chemistry class.  All other allegations contained in Paragraph 38 are denied.

39.     Defendant admits only that Defendant Herman administers quizzes periodically during the semester, and that those quizzes are occasionally given at the start of class.  All other allegations contained in Paragraph 39 are denied.

40.     Defendant admits only that, pursuant to her request, Plaintiff was permitted to take certain quizzes at locations outside of Defendants Herman's classroom.  All other allegations contained in Paragraph 40 are denied.

41.     Denied.

42.     Defendant admits only that Plaintiff continued to complain to Defendant Taylor even after Defendant Herman implemented all of the accommodations Plaintiff requested. Defendant also admits that, in response to Plaintiff's complaints, Defendant Taylor worked with Plaintiff to explore additional solutions and/or accommodations, one of which was potentially working with a "note-taker."  All other allegations contained in Paragraph 42 are denied.

43.     Denied.

44.     Defendant admits only that Mr. Riordan and Defendant Taylor had multiple conversations during Plaintiff's enrollment at Defendant Marywood regarding Plaintiff's accommodations.  All other allegations contained in Paragraph 44 are denied.

45.     Denied.

46.     Defendant admits only that Mr. Riordan communicated with Defendant Dunleavy regarding Defendant Herman's chemistry class.  All other allegations contained in Paragraph 46 are denied.

47.     Defendant admits only that Defendant Dunleavy suggested to Mr. Riordan that, in addition to herself, he speak with Defendant Boland-Chase.  All other allegations contained in Paragraph 47 are denied.

48.     Defendant admits only that Mr. Riordan spoke with Defendant Boland-Chase regarding Defendant Herman's chemistry class. All other allegations contained in Paragraph 48 are denied.  Defendant specifically denies that Defendant Marywood failed to accommodate Plaintiff.

49.     Defendant admits only that Mr. Riordan told Defendant Boland-Chase that Plaintiff was not happy with her experience at Defendant Marywood.  All other allegations contained in Paragraph 49 are denied.  Defendant specifically denies that Defendant Marywood failed to accommodate Plaintiff.

50.     Defendant admits only that numerous employees of Defendant Marywood, including the individual Defendants, advised Plaintiff and Mr. Riordan on multiple occasions that Plaintiff would receive each and every accommodation Plaintiff and/or Mr. Riordan requested.  All other allegations contained in Paragraph 50 are denied.

51.     Defendant admits only that three (3) quiz grades were expunged from Plaintiff's chemistry record based on Plaintiff's allegation that she did not receive proper accommodations during those three (3) quizzes.  To the extent Paragraph 51 alleges that Plaintiff did not receive proper accommodations during the administering of these three (3) quizzes, that allegation is denied.  All other allegations contained in Paragraph 51 are denied.

52.     Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 52.

53.   Defendant admits only that Plaintiff reported certain concerns to her school appointed therapist regarding one of her roommates. All other allegations contained in Paragraph 53 are denied.

54.   Denied.

55.   Defendant admits only that Plaintiff's school appointed therapist followed proper university procedure after learning of Plaintiff's concerns regarding her roommate. All other allegations contained in Paragraph 55 are denied.

56.   Defendant admits only that Plaintiff was moved to another dormitory room at one point during her enrollment at Defendant Marywood. All other allegations contained in Paragraph 56 are denied.

57.   Defendant admits only that, pursuant to normal university practice, Ms. Rothenberger conducted a thorough investigation into Plaintiff's living situation and, in the interest of caution, directed that Plaintiff and certain other students have no contact with one another. All other allegations contained in Paragraph 57 are denied.

58.   Denied.

59.   Denied.

60.   Denied.

61.   Defendant admits only that Ms. Rothenberger met with Plaintiff multiple times as part of her investigation. All other allegations contained in Paragraph 61 are denied.

62.   Denied.

63.   Denied.

64.   Denied.

65.   Defendant admits only that Plaintiff indicated to certain Defendant Marywood employees that she intended to take an indefinite leave of absence from school following

7

Thanksgiving in 2007.  Defendant further admits that Plaintiff was thereafter advised that Defendant Marywood offered numerous options for maintaining her academic standing while away from school.  All other allegations contained in Paragraph 65 are denied.

66.  Denied.

67.  Admitted.

68.  Defendant admits only that Plaintiff's internal civil rights claim was thoroughly investigated and found to be without merit.  All other allegations in the Paragraph 68 are denied. Defendant specifically denies that Plaintiff was not spoken to during the investigation, or that she was denied the opportunity to present evidence or witnesses in support of her claim.

69.  Denied.

70.  Defendant admits only that Plaintiff withdrew from Defendant Marywood.  All other allegations contained in Paragraph 70 are denied.

71.  Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 71.

72.  Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 72.

73.  Denied.

74.  Denied.

WHEREFORE, Defendant request that the Amended Complaint be dismissed in its entirety and that costs and expenses of the litigation, including attorney fees, be assessed against the Plaintiff.

## AMENDED DEFENSES

### FIRST DEFENSE

The Amended Complaint fails to state any claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff's claims for damages are barred or reduced, in whole or in part, by her failure to mitigate her alleged damages.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by estoppel, waiver, and/or laches.

### FIFTH DEFENSE

Plaintiff's claims are barred in whole or part by the doctrine of *res judicata,* collateral estoppel, or both.

### SIXTH DEFENSE

The claims in the Amended Complaint are barred, in whole or in part, by Plaintiff's failure to exhaust statutory and administrative remedies.

### SEVENTH DEFENSE

Plaintiff does not have standing to pursue injunctive relief under the Americans with Disabilities Act or the Rehabilitation Act of 1973.

### EIGHTH DEFENSE

Plaintiff is not entitled to monetary damages under the Americans with Disabilities Act or the Rehabilitation Act of 1973.

## NINTH DEFENSE

Defendant is not a public entity or body as defined under the Americans with Disabilities Act or the Rehabilitation Act of 1973.

## TENTH DEFENSE

Defendant acted at all times in good faith and without any discriminatory animus or wrongful intent.

## ELEVENTH DEFENSE

Plaintiff does not suffer from a recognized disability, she does not have a record of suffering from a recognized disability and she was not at any time regarded as suffering from a recognized disability.

## TWELFTH DEFENSE

Punitive damages are not available in this case.

## THIRTEENTH DEFENSE

Plaintiff was not denied any reasonable accommodations and Plaintiff's requests for accommodations created an undue burden upon Defendant.

## FOURTEENTH DEFENSE

Defendant Marywood is exempt from Title III of the Americans with Disabilities Act because it qualifies as a religious organization or an entity controlled by a religious organization.

Defendant reserves the right to amend its answer, to add additional or other defenses, to delete or withdraw defenses, and to add other claims as they may become necessary after a reasonable opportunity for appropriate discovery.

Respectfully submitted,


By: ____/s/   Rick Grimaldi_____
Rick Grimaldi (PA 49516)
JACKSON LEWIS LLP
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA  19102-1317
Tel: (267) 319-7803
Fax: (215) 399-2249
grimaldir@jacksonlewis.com

ATTORNEYS FOR DEFENDANT


Dated:  March 5, 2010

4831-8865-0245, v.  1

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March 2010, I caused a true and correct copy of Defendant Marywood University's Amended Answer and Affirmative Defenses to Plaintiff's Amended Complaint to be served via ECF upon:

Matthew B. Weisberg, Esquire
Prochniak Weisberg P.C.
7 South Morton Avenue
Morton, PA 19070
(484) 842-4030

JACKSON LEWIS LLP

*/s/ Roger E. Grimaldi*
Roger Grimaldi (PA 49516)
JACKSON LEWIS LLP
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA  19102-1317
Tel: (267) 319-7802
Fax: (215) 399-2249
grimaldir@jacksonlewis.com

ATTORNEYS FOR DEFENDANTS

4834-3408-5637, v. 1

12