IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY ANN RIORDAN | : |
| | : |
| Plaintiff | : No. 3:09-CV-1876 |
| | : |
| v. | : (JUDGE VANASKIE) |
| | : (MAGISTRATE JUDGE PRINCE) |
| MARYWOOD UNIVERSITY, ET AL., | : |
| | : |
| Defendants | : |

## **REPORT AND RECOMMENDATION**

**I. Procedural Background**

Pursuant to an Order entered on May 13, 2010 (Doc. 26), the Honorable Thomas I. Vanaskie referred the Defendants' pending Motion to Dismiss to the undersigned for the purpose of preparing a Report and Recommendation.

Plaintiff, Kelly Ann Riordan, commenced this action by filing a complaint on September 29, 2009 against Defendants Marywood University, Dr. Leonard Herman, Diane Taylor, Ann Boland-Chase, Patricia Dunleavy and John Does 1-10.[1] (Doc. 1). An Amended Complaint brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and Section 504 of the

---

[1] The individual Defendants are employees of Marywood University. Additionally, the complaint is void of allegations pertaining to John Does 1-10.

Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794 *et seq.*, was filed on February 14, 2010 (Doc. 18). On March 21, 2010, Defendants[2] filed a Motion to Dismiss along with a Brief in Support (Docs. 20-21). Plaintiff field a Brief in Opposition (titled "Response") on March 18, 2010 (Doc. 24), to which Defendants filed a Reply on April 1, 2010. (Doc. 25). The matter is now ripe for disposition. For the reasons that follow, it will be recommended that the Defendants' Motion to Dismiss be granted.

**II. Factual Background**

Plaintiff is a former student at Marywood University who suffers from Turner's Syndrome, a genetic condition which result in learning disabilities, anxiety disorders and developmental problems (Doc. 18, ¶ 13). Because of this condition, Plaintiff was classified as learning disabled, and she requested accommodations from Marywood in the form of extended test-taking time, tutoring and note-taking. (Id. at ¶ 17). She asserts that Marywood, through its employees, refused to accommodate her as she requested. Additionally, the complaint alleges that the peer interaction within her dormitory deteriorated, and that she was threatened by her then-roommate. After the school was notified of

---

[2] The Motion is filed on behalf of the individual Defendants only. Marywood University is not a party to the Motion.

the situation and conducted an investigation, which resulted in three (3) students being directed to have no contact with Plaintiff, Plaintiff contends she was ostracized from her peer group at Marywood. As a result of these incidents, Plaintiff withdrew from Marywood. She subsequently enrolled in another college program.

**III. Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims that fail to assert a basis upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). When deciding a motion to dismiss for failure to state a claim, the court is required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant on notice of the essential elements of the plaintiff's cause of action." Id. The court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

In rendering a decision on a motion to dismiss, a court should not inquire

"whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996).  First, the court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.  Innis v. Wilson, 2009 U.S. App. LEXIS 12424, *4-5 (3d Cir. 2009) (*citing* Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must then determine whether the complaint states a plausible claim for relief, which is a "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557-58 (2007)).

**IV. Discussion**

In their Motion to Dismiss, Defendants maintain that Plaintiff cannot state a cause of action against them in their individual capacities under Titles II and III of the ADA and the Rehabilitation Act.  Plaintiff concedes this point, and agrees to

4

withdraw her claims against the individual Defendants in their individual capacities. However, she seeks to continue her pursuit of liability against the individual Defendants in their official capacities. Defendants argue, however, that suit against the individual Defendants in their official capacities cannot survive.

*A. ADA*

Plaintiff brings her complaint under Titles II and III of the ADA. Title II of the ADA is intended to prohibit discrimination by governmental entities in their operation of public services, programs and activities. For purposes of this section, "the term 'public entity' means (A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)." 42 U.S.C.A. § 12131(1). Whether, as Defendants maintain, Title II is inapplicable to the present matter seems clear, considering neither Defendant Marywood University nor its employees are "public entities" under Title II. *See* Ellis v. Morehouse School of Medicine, 925 F. Supp. 1529 (N.D. Ga. 1996) (Private medical school was not a "public entity" subject to Title II of the Americans with Disabilities Act); Spychalsky v. Sullivan, 2003 WL 22071602, (E.D.N.Y. 2003) (unreported), *aff'd* 96 Fed. Appx. 790, 2004 WL 1157714 (Law school, which was

a division of a private Catholic university, was not a "public entity" within meaning of Title II, subtitle A of Americans with Disabilities Act). Consequently, it appears that she has not stated a cause of action under Title II against the individual Defendants.

Moreover, assuming she could state a cause of action under Title II, suing the Defendants in their official capacities appears to be unavailable. "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." Hafer v. Melo, 502 U.S. 21, 25 (1991) (citations and internal quotations omitted); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). "[T]he real party in interest in an official-capacity suit is the government entity itself and not the named official." Hafer, *supra.* "Even if one assumes that discrimination by an individual employed by a public entity can sometimes constitute discrimination by the public entity itself, it does not follow that the individual (as opposed to the public entity) is liable for the violation. Indeed, most of the courts in this circuit presented with this question have concluded that there is no individual liability under Title II." Taylor v. Altoona Area School Dist., 513 F. Supp. 2d 540, 559-60 (W.D. Pa. 2007). *See* Arnold v. City of York, 2004 WL 2331781, at *7 (M.D. Pa. June 28, 2004); Wesley v. Vaughn, 2003 WL 1493375, at *4 (E.D. Pa. March 19, 2003); Schorr v.

6

Borough of Lemoyne, 2002 U.S. Dist. LEXIS 25668, at *15 (M.D. Pa. December 27, 2002); Doe v. Division of Youth & Family Services, 148 F. Supp. 2d 462, 489 (D.N.J. 2001); Yeskey v. Pennsylvania Department of Corrections, 76 F. Supp. 2d 572, 574-575 (M.D. Pa. 1999).  Several other courts have also held that no individual liability exists under Title II.  Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001); Alsbrook v. City of Maumelle, 184 F.3d 999, 1005, n. 8 (8th Cir. 1999); Fox v. State University of New York, 2007 WL 2193925, at * 3 (E.D.N.Y. July 23, 2007); Hay v. Vance, 2007 WL 1460814, at *2 (E.D. Mo. May 16, 2007); McElroy v. Department of Corrections, 2007 WL 1345334, at *4 (E.D. Cal. May 8, 2007); Shebby v. Adams, 2007 WL 1302744, at *8 (E.D. Cal. May 2, 2007); Delplato v. Meyerhoff, 2007 WL 542009, at *1 (W.D.N.Y. February 16, 2007); Ross v. Knight, 2006 WL 3626372, at *5 (S.D. Ind. December 8, 2006); Dunion v. Thomas, 457 F. Supp. 2d 119, 123 (D. Conn. 2006); Marshall v. Green County, 2006 WL 335829, at *4 (W.D. Ky. February 13, 2006); Carrasquillo v. City of New York, 324 F. Supp. 2d 428, 441-442 (S.D.N.Y.2004); Diggs v. Town of Manchester, 303 F. Supp. 2d 163, 175 (D. Conn.2004); Valder v. City of Grand Forks, 217 F.R.D. 491, 494 (D.N.D.2003); Bostick v. Elders, 2003 WL 1193028, at *1  (N.D. Tex. January 10, 2003); Doe v. Barger, 193 F. Supp. 2d 1112, 1116 (E.D. Ark. 2002); Georgetown

v. Tran, 2002 U.S. Dist. LEXIS 8146, at *19-20 (E.D. La. January 11, 2002); Key v. Grayson, 163 F. Supp. 2d 697, 714-715 (E.D. Mich.2001); Becker v. Oregon, 170 F. Supp. 2d 1061, 1066 (D.Or.2001); Bayon v. State University of New York at Buffalo, 2001 WL 135817, at *2 (W.D.N.Y. February 14, 2001); Passanante v. R.Y. Management Co., Inc., 2001 WL 123858, at *4 (S.D.N.Y. February 9, 2001); Berthelot v. Stadler, 2000 WL 1568224 (E.D. La. October 18, 2000); Thomas v. Nakatani, 128 F.Supp.2d 684, 691-693 (D. Haw. 2000); Shariff v. Artuz, 2000 WL 1219381, at *5 (S.D.N.Y. August 24, 2000); Hallett v. New York State Department of Correctional Services, 109 F. Supp. 2d 190, 199-200 (S.D.N.Y. 2000); Nucifora v. Bridgeport Board of Education, 2000 WL 887650, at *2 (D. Conn. May 23, 2000); Montez v. Romer, 32 F.Supp.2d 1235, 1240-1241 (D. Colo.1 999); Smith v. University of New York, 1997 WL 800882, at *6-8 (W.D.N.Y. December 30, 1997).

   Inasmuch as the claims against the individual Defendants in their official capacities is redundant to Plaintiff's claim against Marywood University, dismissing such a claim simplifies the action without prejudice to Plaintiff. Blunt v. Lower Merion School Dist., 559 F. Supp. 2d 548, 568 (E.D. Pa. 2008). Accordingly, Plaintiff's Title II claim against the individual Defendants should be dismissed.

Turning to Title III of the ADA, which governs public accommodations by private entities, it provides, in relevant part, that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The regulations provide that discrimination is prohibited by any private entity that owns, leases (or leases to) or operates a place of public accommodation. 28 C.F.R. § 36.201(a). The term "operate" in its plain meaning, has been defined to include, *inter alia*, "to control or direct the functioning of" and "to conduct the affairs of." Neff v. American Dairy Queen Corp., 58 F.3d 1063, 1066 (5th Cir. 1995). Applying these definitions to the instant matter, it cannot be stated that the individual Defendants own, lease or operate Marywood University and thus are not subject to individual liability under Title III of the ADA. Emerson v. Thiel College, 296 F.3d 184, 189 (3d Cir. 2002).[3] "[T]he institution has the power to make accommodations and thus it operates the place of public accommodation and is the proper defendant." Id. at n.3 (citing Coddington v. Adelphi Univ., 45 F.

---

[3] The court is not persuaded by Plaintiff's characterization of the Emerson holding as *dicta* but concludes that the holding is on point and is persuasive with respect to the issues raised herein.

9

Supp. 2d 211, 217 (E.D.N.Y.1999)).

Therefore, because in their official capacities they do not own, lease or operate a private entity which offers public accommodation, the individual Defendants, Herman, Taylor, Boland-Chase and Dunleavy are improper Defendants.  Consequently, the Motion to Dismiss should be granted to the extent Plaintiff seeks recovery against the individual Defendants under Title III.

### B.  *Rehabilitation Act*

The Rehabilitation Act provides, in pertinent part: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . ." 29 U.S.C. § 794(a).  The operations of a college or university are included within the meaning of a "program or activity" under the Rehabilitation Act.  § 794(b)(2)(A).  Section 504 gives rise to an implied private right of action to enforce its provisions, and Congress has specifically provided that the remedies and procedures of Title VI are available to those seeking to enforce it.  Datto v. Harrison, 664 F. Supp. 2d 472, 493 (E.D. Pa. 2009) (citing Three Rivers Ctr. for Independent Living v. Housing, 382 F.3d 412, 425 (3d Cir.2004) (in turn, citing § 794a(a)(2)).

It is worth recognizing that the Rehabilitation Act and the ADA generally are interpreted consistently. Emerson, *supra*, at 189; *see* 28 C.F.R. § 36.103 (incorporating the standards applied under the Rehabilitation Act into Title III); The Court of Appeals for the Third Circuit has held that individual liability cannot be imposed under the Rehabilitation Act. *See* A.W. v. Jersey City Public Schools, 486 F.3d 791, 804 (3d Cir. 2007) ("Suits may be brought pursuant to Section 504 against recipients of federal financial assistance, but not against individuals."); Emerson, *supra* at 190 (Upholding the dismissal of the plaintiff's Rehabilitation Act claims against the individual defendants on the ground that the college was the only recipient of federal funds). This position is in line with other courts who have considered the issue. *See* Garcia v. S.U.N.Y. Health Sciences Ctr., 280 F.3d 98, 107 (2d Cir.2001); Taylor v. Altoona Area Sch. Dist., 513 F. Supp.2d 540, 557 (W.D. Pa. 2007); Arnold v. City of York, 340 F.Supp.2d 550, 554 (M.D. Pa. 2004). *See also* Lollar v. Baker, 196 F.3d 603, 608-609 (5th Cir. 1999); Dukes v. Georgia, 428 F. Supp. 2d 1298, 1322, n. 5 (N.D. Ga.2006); Dunion v. Thomas, 457 F. Supp. 2d 119, 123 (D. Conn. 2006); C.O. v. Portland Public Schools, 406 F.Supp.2d 1157, 1172 (D. Or .2005); Murphy v. Board of Education, 273 F.Supp.2d 292, 326 (W.D.N.Y. 2003); Menes v. CUNY University of New York, 92 F. Supp. 2d 294, 306 (S.D.N.Y.2000); Bracey v. Buchanan, 55 F. Supp. 2d 416,

420 (E.D. Va. 1999).

Accordingly, the court concludes that, inasmuch as individual liability is unavailable under Section 504, Plaintiff has not stated a case against the individual Defendants under the Rehabilitation Act. Consequently, the Motion to Dismiss should be granted on this issue.

## V. Recommendation

Based on the foregoing, it is respectfully recommended that Defendants' Motion to Dismiss the Amended Complaint (Doc. 20) be granted.


Date: June 7, 2010                                    s/ William T. Prince
                                                     William T. Prince
                                                     United States Magistrate Judge