IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KELLY ANN RIORDAN**, | : | CIVIL ACTION NO. 3:09-CV-1876 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **MARYWOOD UNIVERSITY**, *et al.*, | : | |
| Defendants | : | |

# ORDER

AND NOW, this 14th day of July, 2010, upon consideration of the report of the magistrate judge (Doc. 27) recommending that the motion (Doc. 20) to dismiss defendants Dr. Leonard Herman, Diane Taylor, Ann Boland-Chase, and Patricia Dunleavy[1] (collectively "moving defendants") be granted because plaintiff, Kelly Ann Riordan ("Riordan") has not opposed the motion, and because Riordan's Americans with Disabilities Act ("ADA") claim, 42 U.S.C. § 12101, and claim under the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794, do not subject the moving defendant to liability, and, following an independent review of the record, it appearing that there is no individual liability under Title II of the ADA, see Taylor v. Altoona Area School Dist., 513 F. Supp. 2d 540, 559-60 (W.D. Pa. 2007); Arnold v. City of York, No. Civ. A. 4:03-1352, 2004 WL 2331781, at *7 (M.D. Pa. 2004); see also Garcia v. S.U.N.Y. Health Sciences Ctr. of

---

[1] The complaint also names John Does 1-10 as defendant-employees of Marywood University. However, the complaint is devoid of allegations pertaining to these unidentified individuals and they shall therefore be dismissed. (See Doc. 27 at 1 n.1.)

Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001), nor may moving defendants be liable in their official capacities under Title III of the ADA since they do not own, lease, or operate Marywood University, see Emerson v. Thiel College, 296 F.3d 184, 189 (3d Cir. 2002), and concluding that suits may not be brought against individuals under Section 504 of the Rehabilitation Act, see A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 804 (3d Cir. 2007), and noting that neither party has objected to the magistrate judge's report and recommendation, and that there is no clear error on the face of the record,[2] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report (Doc. 27) of the magistrate judge is ADOPTED.

2. The motion (Doc. 20) to dismiss is GRANTED. Leave to amend is DENIED as futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

---

[2] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

3. Defendants Dr. Leonard Herman, Diane Taylor, Ann Boland-Chase, and Patricia Dunleavy are TERMINATED as parties to the above-captioned matter.

4. The above-captioned case is REMANDED to the magistrate judge for further proceedings.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge